Sophia Goren Gold (SBN 307971)
**KALIEL GOLD PLLC**
950 Gilman Street, Suite 200
Berkeley, California 94710
Telephone: (202) 350-4783
sgold@kalielgold.com

Jeffrey D. Kaliel (SBN 238293)
Amanda J. Rosenberg (SBN 278507)
**KALIEL GOLD PLLC**
1100 15th Street NW 4th Floor
Washington, D.C. 20005
Telephone: (202) 350-4783
jkaliel@kalielgold.com
arosenberg@kalielgold.com

Scott Edelsberg (SBN 330090)
**EDELSBERG LAW, P.A.**
1925 Century Park East, Suite 1700
Los Angeles, California 90067
Telephone: (305) 975-3320
scott@edelsberglaw.com

*Counsel for Plaintiff and Proposed Classes*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANESHIA DUNN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LATOURAINE INC. d/b/a NAUGHTY AMERICA, EPOCH PAYMENT SOLUTIONS,<br><br>Defendants, | Case No.: 3:23-cv-00616-AJB-DDL<br><br>**AMENDED CLASS ACTION COMPLAINT** |

Plaintiff Taneshia Dunn, on behalf of herself and all others similarly situated, complains and alleges upon information and belief based, among other things, upon the investigation made by Plaintiff and through her attorneys as follows:

///

1

## **INTRODUCTION**

1.     This is a proposed class action seeking monetary damages, restitution, and injunctive and declaratory relief from Defendants LaTouraine Inc. d/b/a Naughty America ("Naughty America") and Epoch Payment Solutions ("Epoch") (together, "Defendants"), arising from Defendants deceptive and fraudulent billing practices.

2.     Specifically, Defendants lure consumers into providing their credit card information based on the promise of a cheap $1.95 3-day trial membership to an adult entertainment website, and it represents that users who pay for the trial membership will have access to the website. But that is false.

3.     In fact, the trial membership is a ruse. Instead of offering access to the website, as advertised, the website is hidden behind *yet another* paywall—only available to those who choose to purchase "premium" access.

4.     Indeed, Defendants prominently advertise that consumers can access the Naughty America website for 3 days for $1.95. But only after sign-up do Defendants reveal that access to the Naughty America website requires a separate purchase of an additional "premium" membership.

5.     For example, Plaintiff signed up for a $1.95, 3-day trial membership, relying on the express promise on the adult entertainment website that she would be provided access to the website for 3 days, in exchange for $1.95.

6.     To her surprise, only after paying for her trial membership did she learn that the membership she purchased did not actually provide access to the website she paid for. Instead, Plaintiff was required to purchase an additional "premium" membership to access the website—and pay an additional $31.95.

7.     Defendants' conduct amounts to a bait & switch, violates state consumer protection law, and breaches its contract with consumers.

8.     Plaintiff and Class members have been injured by Defendants' deceptive and fraudulent practices. Plaintiff brings this action on behalf of herself, the putative Classes, and the general public. Plaintiff seeks actual damages, punitive damages,

AMENDED CLASS ACTION COMPLAINT

1  restitution, and an injunction on behalf of the general public to prevent Defendants
2  from continuing to engage in its illegal practices described herein.

### PARTIES

4      9.    Plaintiff Taneshia Dunn is a citizen of Kingston, Tennessee.

5      10.    Defendant LaTouraine Inc. d/b/a Naughty America is headquartered in
6  San Diego, California.  Naughty America is engaged in the business of providing adult
7  entertainment to American consumers, including Plaintiff and members of the putative
8  Classes.

9      11.    Defendant Epoch Payment Solutions is headquartered in Jackson,
10  Wyoming. Epoch is engaged in the business of providing billing services to American
11  consumers, including Plaintiff and members of the putative Classes.

### JURISDICTION AND VENUE

13      12.    This Court has original jurisdiction of this action, among other reasons,
14  under the Class Action Fairness Act of 2005. Pursuant to 28 U.S.C. §§ 1332(d)(2) and
15  (6), this Court has original jurisdiction because (1) the proposed Class is comprised of
16  at least 100 members; (2) at least one member of the proposed class resides outside of
17  California; and (3) the aggregate claims of the putative class members exceed $5
18  million, exclusive of interest and costs.

19      13.    Venue is proper in this District under 28 U.S.C. § 1391 because
20  Defendants are subject to personal jurisdiction here and regularly conduct business in
21  this District, and because a substantial part of the events or omissions giving rise to the
22  claims asserted herein occurred in this district.

23      14.    Defendants regularly and systematically provide adult entertainment
24  services throughout the State of California, including in this county, and provide adult
25  entertainment services to their customers, including members of the putative Classes.
26  As such, it is subject to the personal jurisdiction of this Court.

27  ///
28  ///

3

AMENDED CLASS ACTION COMPLAINT

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

**A.    Pornography is a Multibillion Dollar Business**

15.    According to a recent study, 30% of all data transferred across the Internet is pornography and pornography sites get more visitors each month than Netflix, Amazon and Twitter combined.[1]

16.    Globally, pornography is a $97 billion industry, with an estimated $10-$12 billion coming from the United States.[2]

17.    10.5 percent of U.S. men have paid for Internet pornography subscriptions.[3]

18.    But as ubiquitous as it is, the pornography industry remains highly unregulated, and remains fertile ground for fraudulent business practices such as those that are the subject of this complaint.

19.    This lawsuit seeks to hold Defendants accountable for a practice that, in any other industry, would have ended years ago.

**B.    Naughty America Is A Popular Membership-Based Website Which Partners with Epoch to Handle the Billing for its Memberships**

20.    Naughty America markets itself as a top site for fantasy porn.

21.    Unlike many other websites offering similar content, Naughty America is not free. Instead, access to Naughty America' content requires a "subscription."

22.    Naughty America offers several subscription programs, including monthly subscription, an annual subscription, and a 3-day trial, which is offered at a cost of $1.95 for 3 days.

---

[1] "Porn Sites Get More Visitors Each Month Than Netflix, Amazon And Twitter Combined," Huffington Post, available at https://www.huffpost.com/entry/internet-porn-stats_n_3187682 (last accessed May 15, 2021)
[2] "Things Are Looking Up in America's Porn Industry," NBC News, available at https://www.nbcnews.com/business/business-news/things-are-looking-americas-porn-industry-n289431 (last accessed May 15, 2021).
[3] "How Many Men Actually Pay for This?," Bustle, available at https://www.bustle.com/articles/189498-how-many-men-actually-pay-for-porn-one-in-10-guys-have-paid-porn-subscriptions (last accessed May 15, 2021).

23. Epoch and Segpay handle the billing for all of Naughty America' memberships. The webpage on which consumers enter their credit card information is hosted by either Epoch or Segpay, and can be found at NaughtyAmerica.com. The bottom of the Naughty America membership sign-in page provides the websites for Epoch and SegPay for customer support:



**DISCREET, SECURE & 24/7 CUSTOMER SUPPORT**
Please visit Epoch and/or SegPay, our authorized sales agent
All memberships will recur if not canceled, unless otherwise stated.

### C.    Defendants Trick Consumers Into Paying Twice for Access to the Same Website

24. Plaintiff signed up for the Naughty America 3-day trial membership on May 9, 2022.

25. At the time Plaintiff signed up for a 3-day trial membership, Defendants prominently advertised that the price of the 3 day membership to the website was $1.95.

26. Specifically, Defendants promised: "USD $1.95 for a 3 days membership to www.naughtyamerica.com recurring at USD $31.95 every 1 month."

27. The promise was clear: in exchange for $1.95, Defendants would provide Plaintiff with access to the Naughty America website for 3 days.

28. But Defendants' representations were false. The $1.95 3 day membership was fictitious and access to the Naughty America website did not cost $1.95. Instead, it cost $33.90.

29. Unbeknownst to Plaintiff, access to the website was hidden behind yet another paywall.

30. Only after purchasing the 3 day membership did Plaintiff learn the membership she purchased did not provide access to Naughty America. Instead, she

AMENDED CLASS ACTION COMPLAINT

1    would need to purchase a second "premium" membership in order to access the very
2    website she reasonably believed she had already paid for.

3        31.    Specifically, Defendants informed consumers *after* purchase that they
4    would need to pay $31.95 more to access the same website they reasonably believed
5    they already bought.

6        32.    Plaintiff, like other reasonable consumers, bought the 3 day membership
7    based on the reasonable belief that she would be provided access to the website.
8    Defendants never warned consumers prior to sign-up that they would need to purchase
9    a second "premium" membership in order to *actually* access the website.

10       33.    Defendants' bait-and-switch lured Plaintiff and other consumers into
11   paying twice for access to the same website.

12       **D.    Defendants' Conduct Breaches its Contract with Consumers**

13       34.    Defendants' conduct as described herein breaches its contract with
14   consumers.

15       35.    Defendants promised to provide 3 days of access to the website in
16   exchange for $1.95, and Plaintiff reasonably relied on that promise. But Defendants
17   did not honor their promise and did not provide access to the website in exchange for
18   $1.95. Instead, Defendants required Plaintiff and class members to pay an additional
19   $31.95 to access the website.

20       36.    By forcing Plaintiff and class members to pay an additional $31.95 to
21   access a website Plaintiff and class members already purchased for $1.95, Defendants
22   breached their contract.

23                            **CLASS ALLEGATIONS**

24       37.    Plaintiff brings this action on behalf of herself, and all others similarly
25   situated under Rule 23. This action satisfies the numerosity, commonality, typicality,
26   adequacy, predominance and superiority requirements of Rule 23. The proposed
27   classes are defined as:

28

AMENDED CLASS ACTION COMPLAINT

1
2
3

All consumers who, within the applicable statute of limitations preceding the filing of this action to the date of class certification, signed up for a Naughty America membership and subsequently paid for a premium membership (the "Class").

4    38.    In addition to the proposed nationwide class, Plaintiff also brings this
5    action on behalf of Tennessee subclasses.

6    39.    Excluded from the Classes are Defendants, any entities in which they have
7    a controlling interest, any of their parents, subsidiaries, affiliates, officers, directors,
8    employees and members of such persons' immediate families, and the presiding
9    judge(s) in this case, and their staff. Plaintiff reserves the right to expand, limit, modify,
10   or amend this class definition, including the addition of one or more subclasses, in
11   connection with her motion for class certification, or at any other time, based upon,
12   *inter alia,* changing circumstances and/or new facts obtained during discovery.

13   40.    Plaintiff reserves the right to modify or amend the definition of the
14   proposed Classes and/or add a subclass(es), if necessary, before this Court determines
15   whether certification is appropriate.

16   41.    The questions here are ones of common or general interest such that there
17   is a well-defined community of interest among the members of the Classes. These
18   questions predominate over questions that may affect only individual class members
19   because Defendants has acted on grounds generally applicable to the Classes. Such
20   common legal or factual questions include, but are not limited to:

21   a.    Whether Defendants' alleged misconduct misled or had the tendency to
22        mislead consumers;

23   b.    Whether Defendants engaged in unfair, unlawful, and/or fraudulent
24        business practices under the laws asserted;

25   c.    Whether Defendants' alleged conduct constitutes violations of the laws
26        asserted;

27   d.    Whether Defendants breached their contract with consumers;

28

7

AMENDED CLASS ACTION COMPLAINT

e.   Whether Plaintiff and members of the Classes were harmed by Defendants' misrepresentations;

f.   Whether Defendants were unjustly enriched;

g.   Whether Plaintiff and the Classes have been damaged, and if so, the proper measure of damages; and

h.   Whether an injunction is necessary to prevent Defendants from continuing to engage in the wrongful conduct described herein.

42.   The parties are numerous such that joinder is impracticable. Upon information and belief, and subject to class discovery, the Classes consist of thousands of members or more, the identity of whom are within the exclusive knowledge of and can be ascertained only by resort to Defendants' records. Defendants has the administrative capability through its computer systems and other records to identify all members of the Classes, and such specific information is not otherwise available to Plaintiff.

43.   It is impracticable to bring members of the Classes' individual claims before the Court. Class treatment permits a large number of similarly situated persons or entities to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of evidence, effort, expense, or the possibility of inconsistent or contradictory judgments that numerous individual actions would engender. The benefits of the class mechanism, including providing injured persons or entities with a method for obtaining redress on claims that might not be practicable to pursue individually, substantially outweigh any difficulties that may arise in the management of this class action.

44.   Plaintiff's claims are typical of the claims of the other members of the Classes in that they arise out of the same wrongful business practices by Defendants, as described herein.

AMENDED CLASS ACTION COMPLAINT

45.     Plaintiff is more than adequate representative of the Classes in that Plaintiff is a Defendants customer and has suffered damages as a result of Defendants' contract violations. In addition:

a)      Plaintiff is committed to the vigorous prosecution of this action on behalf of herself and all others similarly situated and has retained competent counsel experienced in the prosecution of class actions and, in particular, class actions on behalf of accountholders against financial institutions;

b)      There is no conflict of interest between Plaintiff and the unnamed members of the Classes;

c)      Plaintiff anticipates no difficulty in the management of this litigation as a class action; and

d)      Plaintiff's legal counsel has the financial and legal resources to meet the substantial costs and legal issues associated with this type of litigation.

46.     Plaintiff knows of no difficulty to be encountered in the maintenance of this action that would preclude its maintenance as a class action.

47.     Defendants has acted or refused to act on grounds generally applicable to the class, thereby making appropriate corresponding declaratory relief with respect to the Classes as a whole.

48.     All conditions precedent to bringing this action have been satisfied and/or waived.

**CAUSES OF ACTION**
**FIRST CLAIM FOR RELIEF**
**Breach of Contract, Including Breach of the Covenant of Good Faith and Fair Dealing**
**(On Behalf of Plaintiff and the Classes)**

49.     Plaintiff realleges the preceding paragraphs as though fully set forth herein.

50.     Plaintiff and Defendants contracted for certain services.

9

51.     No contract provision authorizes Defendants to charge consumers more than the price of the membership they initially select in exchange for access to the website.

52.     Therefore, Defendants breached the terms of its contract.

53.     In addition, there exists an implied covenant of good faith and fair dealing in all contracts that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract. Good faith and fair dealing, in connection with executing contracts and discharging performance and other duties according to their terms, means preserving the spirit – not merely the letter – of the bargain.  Put differently, the parties to a contract are mutually obligated to comply with the substance of their contract in addition to its form. Evading the spirit of the bargain and abusing the power to specify terms constitute examples of bad faith in the performance of contracts.

54.     Subterfuge and evasion violate the obligation of good faith in performance even when an actor believes their conduct to be justified.  Bad faith may be overt or may consist of inaction, and fair dealing may require more than honesty.  Examples of bad faith are evasion of the spirit of the bargain, willful rendering of imperfect performance, abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance.

55.     The implied covenant of good faith and fair dealing applies to the performance and enforcement of contracts, limits the parties' conduct when their contract defers decision on a particular term, omits terms, or provides ambiguous terms.

56.     Defendants have breached the covenant of good faith and fair dealing and abused its discretion in its contract as described herein.

57.     Plaintiff and members of the Classes have performed all, or substantially all, of the obligations imposed on them under the contract.

58.     Plaintiff and members of the Classes have sustained damages as a result of Defendants' breaches of the contract.

10

AMENDED CLASS ACTION COMPLAINT

**SECOND CLAIM FOR RELIEF**
**Violation of California's Unfair Competition Law ("UCL")**
**Cal. Bus. & Prof. Code § 17200,** *et seq.*
**(On Behalf of Plaintiff and the Classes)**

59.     Plaintiff incorporates the preceding allegations by reference as if fully set forth herein.

60.     California Business & Professions Code § 17200 prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice." Defendants' conduct as described herein violates each of the statute's "unfair," "unlawful," and "fraudulent" prongs.

61.     The UCL imposes strict liability. Plaintiff need not prove that Defendants intentionally or negligently engaged in unlawful, unfair, or fraudulent business practices—but only that such practices occurred.

62.     A business act or practice is "unfair" under the UCL if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers, and that unfairness is determined by weighing the reasons, justifications, and motives of the practice against the gravity of the harm to the alleged victims.

63.     A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the public.

64.     A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

65.     Defendants committed unfair and fraudulent business acts and practices in violation of Cal. Bus. & Prof. Code § 17200, *et seq.,* by affirmatively and knowingly misrepresenting that users were purchasing access to the website, when, in reality, they would be required to purchase a second premium membership in order to access the website. Defendants' conduct amounted to a bait & switch. Defendants also omitted that consumers would be required to purchase a second premium membership in order to access the website.

AMENDED CLASS ACTION COMPLAINT

66.    Defendants' acts and practices offend an established public policy of fee transparency in the marketplace, and constitute immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

67.    The harm to Plaintiff and the Classes outweighs the utility of Defendants' practices. There were reasonably available alternatives to further Defendants' legitimate business interests, other than the misleading and deceptive conduct described herein.

68.    Defendants' conduct also constitutes an "unlawful" act under the UCL because, as detailed in Plaintiff's Third Claim for Relief below, it also constitutes a violation of sections 1770(a)(5) and (a)(9) of the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq., infra*. Defendants' conduct also violates Cal. Bus. & Prof. Code § 17602 *et seq.* because Defendants failed to comply with the statutory requirements regarding auto-renewals, as outlined under that statute.

69.    Defendants' business practices have misled Plaintiff and the proposed Classes and will continue to mislead them in the future.

70.    Plaintiff relied on Defendants' misrepresentations as discussed above.

71.    Had Plaintiff known the truth, she would not have signed up for a Naughty America subscription.

72.    As a direct and proximate result of Defendants' unfair, fraudulent, and unlawful practices, Plaintiff and Class members suffered and will continue to suffer actual damages.

73.    As a result of its unfair, fraudulent, and unlawful conduct, Defendants have been unjustly enriched and should be required to disgorge its unjust profits and make restitution to Plaintiff and Class members pursuant to Cal. Bus. & Prof. Code § 17203 and 17204.

74.    Pursuant to Business & Professions Code §§ 17203 and 17500, Plaintiff and the members of the Classes, on behalf of the general public, seek an order of this

AMENDED CLASS ACTION COMPLAINT

1  Court enjoining Defendants from continuing to engage, use, or employ their unfair,

2  unlawful, and fraudulent practices.

3       75.    California law applies to class members throughout the United States

4  because, upon information and belief, Defendants' deceptive conduct emanated from

5  California.

**THIRD CLAIM FOR RELIEF**
**Violation of California's Consumer Legal Remedies Act ("CLRA")**
**Cal. Civ. Code § 1750, *et seq.***
**(On Behalf of Plaintiff and the Classes)**

9       76.    Plaintiff incorporates the preceding allegations by reference as if fully set

10  forth herein.

11      77.    This cause of action is brought pursuant to the Consumers Legal Remedies

12  Act (CLRA), California Civil Code § 1750, *et seq.*  Plaintiff and each member of the

13  proposed Classes are "consumers" as defined by California Civil Code § 1761(d).

14  Defendants' sale of adult videos to consumers were "transactions" within the meaning

15  of California Civil Code § 1761(e). The memberships offered are a "good" or "service"

16  within the meaning of California Civil Code § 1761(b).

17      78.    Defendants violated and continues to violate the CLRA by engaging in

18  the following practices proscribed by California Civil Code § 1770(a) in transactions

19  with Plaintiff and the Classes which were intended to result in, and did result in, the

20  sale of trial memberships:

21      a.     "Representing that goods or services have . . . characteristics . . . that they

22  do not have" (a)(5); and

23      b.     "Advertising goods or services with intent not to sell them as advertised"

24  (a)(9).

25      79.    Specifically, Defendants affirmatively and knowingly misrepresented that

26  users were purchasing access to the website, when, in reality, they would be required

27  to purchase a second premium membership in order to access the website. Defendants'

28

13

AMENDED CLASS ACTION COMPLAINT

conduct amounted to a bait & switch. Defendants also omitted that consumers would be required to purchase a second premium membership in order to access the website.

80.     Defendants continue to violate the CLRA and continue to injure the public by misleading consumers about its memberships. Accordingly, Plaintiff seeks injunctive relief on behalf of the general public to prevent Defendants from continuing to engage in these deceptive and illegal practices. Otherwise, Plaintiff, the Class members, and members of the general public may be irreparably harmed and/or denied effective and complete remedy if such an order is not granted.

81.     In accordance with Cal. Civ. Code § 1780(a), Plaintiff and the Class members seek injunctive and equitable relief on behalf of the general public for violations of the CLRA, including restitution and disgorgement.

82.     Pursuant to § 1782(a) of the CLRA, Plaintiff's counsel notified Defendants in writing by certified mail of the particular violations of §1770 of the CLRA and demanded that it rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendants' intent to act. If Defendants fail to respond to Plaintiff's letter or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice, as proscribed by §1782, Plaintiff will move to amend his Complaint to pursue claims for actual, punitive and statutory damages, as appropriate against Defendants.  As to this cause of action, at this time, Plaintiff seeks only injunctive relief.

83.     California law applies to class members throughout the United States because, upon information and belief, Defendants' deceptive conduct emanated from California.

### FOURTH CLAIM FOR RELIEF
**Violation of the Tennessee Consumer Protection Act ("TCPA")**
**Tenn. Code Ann. §§ 47-18-101 *et seq*.,**
**(On Behalf of Plaintiff and the Tennessee Subclass)**

14

84.    Plaintiff repeats, realleges, and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

85.    In the course of marketing, promoting, selling, and distributing Naughty America subscriptions, Defendants made false statements about, misrepresented, and/or made other representations about the subscriptions that had the effect, capacity, or tendency, of deceiving or misleading consumers. Such false statements and misrepresentations constitute unfair or deceptive trade practices that are prohibited by §§ 47-18-104(a), (b)(5), and (b)(27) of the TCPA.

86.    In the course of marketing, promoting, selling, and distributing Naughty America subscriptions, Defendants has made representations concerning the characteristics, uses, benefits, and/or qualities of Naughty America subscriptions that they did not have.  Such false statements and misrepresentations constitute unfair or deceptive trade practices that are prohibited by §§ 47-18-104(a), (b)(5), and (b)(27).

87.    Defendants have made material omissions concerning the Naughty America subscriptions, and those material omissions had the effect, capacity, or tendency of deceiving consumers.  Such material omissions and misrepresentations constitute unfair or deceptive trade practices that are prohibited by §§ 47-18-104(a) and (b)(27) of the TCPA.

88.    The acts or practices described herein occurred in trade or commerce as defined in Tenn. Code Ann. § 47-18-103(19).

89.    These acts or practices affected the public interest because they impacted numerous Tennessee consumers.

**FIFTH CLAIM FOR RELIEF**
**Unjust Enrichment**
**(On Behalf of Plaintiff and the Classes)**

15

1  90.    Plaintiff repeats, realleges, and incorporates by reference each of the
2  foregoing paragraphs as if fully set forth herein.

3  91.    To the detriment of Plaintiff and the Classes, Defendants have been,
4  and continues to be, unjustly enriched as a result of its wrongful conduct alleged
5  herein.

6  92.    Plaintiff and the Classes conferred a benefit on Defendants.

7  93.    Defendants unfairly, deceptively, unjustly, and/or unlawfully accepted
8  said benefits, which under the circumstances, would be unjust to allow Defendants
9  to retain.

10  94.    Defendants' unjust enrichment is traceable to, and resulted directly and
11  proximately from, the conduct alleged herein.

12  95.    Plaintiff and the Classes, therefore, seek disgorgement of all wrongfully
13  obtained fees received by Defendants as a result of its inequitable conduct as more
14  fully stated herein.

15  **PRAYER FOR RELIEF**

16  1.    **WHEREFORE**, Plaintiff, individually and on behalf of the Classes
17  demand a jury trial on all claims so triable and judgment as follows:

18  (a)    Certification for this matter to proceed as a class action on behalf of the
19        Classes;

20  (b)    Declaring Defendants' practices and policies to be in breach of its contract
21        with customers;

22  (c)    For declaratory and injunctive relief as set forth above;

23  (d)    For an order requiring Defendants to disgorge and make restitution of all
24        monies it acquired by means of the unlawful practices set forth above;

25  (e)    For compensatory damages according to proof;

26  (f)    For punitive damages according to proof;

27  (g)    For reasonable attorneys' fees and costs of suit;

28  (h)    For pre-judgment interest; and

16

AMENDED CLASS ACTION COMPLAINT

1      (i)     Awarding such other and further relief as this Court deems just, proper

2      and equitable.

3      **DEMAND FOR JURY TRIAL**

4      Plaintiff and all others similarly situated hereby demand trial by jury on all issues

5      in this Class Action Complaint that are so triable.

6      Dated: June 15, 2023         Respectfully submitted,

7            **KALIELGOLD PLLC**

8

9            By:*/s/ Sophia Goren Gold*

10              SOPHIA GOREN GOLD

               JEFFREY D. KALIEL

11

12            Scott Edelsberg (SBN 330090)

            **EDELSBERG LAW, P.A.**

13            1925 Century Park East, Suite 1700

            Los Angeles, California 90067

14            Telephone: (305) 975-3320

15            scott@edelsberglaw.com

16            *Counsel for Plaintiff and Proposed Classes*

17

18

19

20

21

22

23

24

25

26

27

28

17

---

AMENDED CLASS ACTION COMPLAINT